NO. 07-00-0556-CR
NO. 07-00-0557-CR
NO. 07-00-0558-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 4, 2001

_____

VINCENT DWIGHT MCCRAY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 64th DISTRICT COURT OF SWISHER COUNTY;

NOS. B3255-99-07CR, B3256-99-07-CR, B3257-99-07CR;
HONORABLE JACK R. MILLER, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

In these three companion cases, after a plea of nolo contendere and in pursuance of a plea bargain, in cause number 07-00-0558-CR, appellant was assessed a punishment of three years confinement in the Institutional Division of the Department of Criminal Justice. As an additional part of the plea bargain, the charges in our cause numbers 07-

00-0556-CR and 07-00-0557-CR were considered in the assessment of the sentence in cause number 07-00-0558-CR, and the prosecutions in those two cases were dismissed. Even so, appellant has appealed all three of the cases. Finding no reversible error, we affirm the trial court's judgment in each case.

In a joint brief, applicable to each case, appointed counsel has certified that after diligently searching the record, he is convinced there is no reversible error and these appeals are without merit. *See Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Gainous v. State*, 436 S.W.2d 137, 138 (Tex.Crim.App. 1969).

With his brief, counsel has filed a motion to withdraw and attached a copy of a letter to appellant informing him of his request to withdraw and of appellant's right to file briefs in his own behalf. Upon receipt of counsel's brief and motion, the clerk of this court notified appellant of his right to respond to the brief and motion, if he desired to do so, and that he must file such a response or brief not later than June 15, 2001. To date, appellant has not filed a response, a pro se brief, or a request for extension of time within which to file a pro se brief.

In considering requests to withdraw such as this, we face two interrelated tasks. We must first satisfy ourselves that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal. Then, we must determine if counsel has correctly concluded the appeal is frivolous. *See*

*McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988), and *High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

In his brief, counsel presents one point that might arguably form a basis for appeal; namely, whether there is legally and factually sufficient evidence of the element of *scienter* in the alleged delivery of the controlled substance that gave rise to the prosecution in 07-00-0558-CR. However, in the course of his discussion, counsel points out that the record shows appellant acknowledged that he understood the charges against him, the range of punishment applicable to each offense charged, that no one had forced him to enter his pleas to the offenses and violations charged, and that he understood the plea bargain when it was gone over with him by the district attorney. Appellant also averred that he was entering his pleas because he was guilty of the violations and for no other reason.

Appellant additionally testified he understood that because of his stipulations of evidence, the court could find him guilty based solely upon his plea of nolo contendere and the stipulations of evidence he made. He admitted he knew he had a right to be tried by a jury and that by signing a waiver of jury trial he was giving up that right. He also admitted that he understood that if the trial court accepted the plea bargain and set his punishment at anything equal to or less than the plea bargain agreement, he could not appeal the case except that he might appeal rulings on pretrial motions if he had filed any

3

such motions.[1]  Appellant's trial attorney testified that, in his opinion, appellant was competent to stand trial.

The standards by which we review sufficiency challenges are by now so well established that it is not necessary to recite them in detail.  Suffice it to say that the correct standard for our review of legal sufficiency challenges is that set out in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), namely, "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Id.* at 319.  The standard by which factual sufficiency challenges are measured is that explicated in *Clewis v. State*, 922 S.W.2d 126 (Tex.Crim.App. 1996).  That is, after viewing all the evidence without the prism of in the light most favorable to the prosecution, the verdict of the factfinder is so against the overwhelming weight of the evidence as to be clearly wrong and unjust.  *Id*. at 129.

Our examination of the record convinces us that the evidence, coupled with appellant's plea, is amply sufficient to sustain the trial court's guilt finding.  That examination also establishes that appellant's attorney is entitled to withdraw, and his motion to do so is granted.  Accordingly, appellant's issue is overruled and the judgments of the trial court are affirmed.

John T. Boyd

---

[1]No such pretrial motions appear in the record before us.

4

Chief Justice

Do not publish.